UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS SZCZERBA, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | )  Case No. 4:21CV225 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Movant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. [Doc. No. 1]. The Respondent has filed a response to the Motion.  For the reasons discussed below, Movant's 28 U.S.C. § 2255 motion must be denied and dismissed as time barred.

## Background

Movant was found guilty by a jury of four counts of a seven-count superseding indictment on February 13, 2017.  Those counts were: conspiracy to commit an offense against the United States in violation of 18 U.S.C. § 371; interstate transportation of an individual to engage in prostitution, in violation of 18 U.S.C. § 2421(a); use of facilities in interstate commerce with intent to aid enterprise involving prostitution, in violation of 18 U.S.C. §§ 1952(a)(3)and 1952(a)(3)(A); and use of facilities in interstate commerce with intent to distribute

proceeds from an enterprise involving prostitution, in violation of 18 U.S.C. §§ 1952(a)(1) and 1952(a)(1)(A). The jury further found, in a special verdict form, Movant committed the following specific acts as contained in Count 1: In or about June 2015, the exact date unknown, Movant drove the victim from Houston, Texas to Chicago, Illinois to meet up with Edwards for prostitution activities; in or about June and July 2015, Movant and Edwards paid for postings on an advertisement for an "escort" on the website, www.backpage.com; in or about June and July 2015, the victim's availability for commercial sex services was also posted on Edwards' prostitution website www.staceymonroe.com.; in or about June and July 2015, Edwards rented hotel rooms using her name, email address and bank card in St. Louis, Missouri and elsewhere, to facilitate the prostitution activities of the victim and members of the instant conspiracy.

On May 15, 2017, Movant was sentenced by this Court to a term of 140 months' incarceration and a life term of supervised release. On May 22, 2017, Movant timely filed a notice of appeal. On July 26, 2018, the Eighth Circuit Court of Appeals affirmed the judgment. On August 31, 2018, the Eighth Circuit denied Movant's motion for rehearing en banc. On September 11, 2018, the Eighth Circuit Court of Appeals issued its Mandate affirming the judgment of this Court. On November 29, 2018, Movant filed a petition for a writ of certiorari with the United States Supreme Court. On April 15, 2019, the United States Supreme Court denied the Petitioner's petition for writ of certiorari. The judgment therefore

became final for purposes of 28 U.S.C. § 2255 on April 15, 2019. The one-year statute of limitations began running on that date.

On August 14, 2020, Movant moved this Court for an extension of 12 months in which to file his § 2255 petition, and the Court granted an additional 7 months in which to file his motion. On the date Movant filed his initial request for extension of the filing deadline, he had already passed the one-year statute of limitation, which ran on April 15, 2020. On October 29, 2020, Movant moved for an extension of an additional three months in which to file his motion, which the Court granted on October 30, 2020.

The gist of Movant's arguments within his motion to vacate appears to be that his attorney was ineffective.

## Discussion

Movant has filed a 28 U.S.C. § 2255 motion seeking to vacate his sentence. For the reasons discussed below, the motion will be denied and dismissed as time barred. Furthermore, there is no basis on which to apply equitable tolling.

**A. Statute of Limitations**

Motions brought pursuant to 28 U.S.C. § 2255 are subject to a one-year limitations period. *Peden v. United States*, 914 F.3d 1151, 1152 (8th Cir. 2019). The limitations period runs from the latest of four dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In practice, however, the one-year statute of limitations "usually means that a prisoner must file a motion within one year of the date on which the judgment of conviction becomes final." *Mora-Higuera v. United States*, 914 F.3d 1152, 1154 (8th Cir. 2019).

Pursuant to 28 U.S.C. § 2255(f)(1), the one-year limitations period runs from "the date on which the judgment of conviction becomes final." The judgment became final one year from April 15, 2019, the date the Supreme Court denied

**B. Equitable Tolling**

The limitations period for 28 U.S.C. § 2255 motions is not jurisdictional and is therefore subject to the doctrine of equitable tolling. *English v. United States*, 840 F.3d 957, 958 (8th Cir. 2016). Nevertheless, the doctrine of equitable tolling provides an "exceedingly narrow window of relief." *Deroo v. United States*, 709 F.3d 1242, 1246 (8th Cir. 2013). "The one-year statute of limitation may be equitably tolled only if the Movant shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013). The extraordinary circumstances must not be attributable to the Movant and must be beyond his or her control. *Byers v. United States*, 561 F.3d 832, 836 (8th Cir. 2009). The Movant must also demonstrate that he acted with due diligence in

pursuing his petition. *E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006). The use of equitable tolling "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002).

Movant asserts he was unable to file his motion because of the imposition of COVID-19 restrictions in Oakdale, Louisiana Prison based on Attorney General William P. Barr's April 3, 2020 letter to the Prison Director.

Equitable tolling is applicable when "the government's conduct lulled the Movant into inaction through reliance on that conduct." *United States v. Hernandez*, 436 F.3d 851, 858 (8th Cir. 2006). However, "confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." *Id. See also United States v. Mendez*, 860 F.3d 1147, 1151 (8th Cir. 2017) (stating that "a pro se litigant's misunderstanding of the relevant law and limitations periods does not justify equitable tolling"). Equitable tolling is also not warranted by a pro se litigant's lack of legal knowledge or resources. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000); and *United States v. Bell*, 68 Fed. Appx. 762, 2003 WL 21523470, at *2 (8th Cir. 2003) (applying *Kreutzer* to a § 2255 motion).

Regarding Movant's allegation regarding the COVID-19 pandemic, the Court notes that COVID-19 is the name of the disease caused by the novel coronavirus known as SARS-CoV-2, which has spread globally, resulting in the

declaration of a national emergency. *See* Pres. Proc. No. 9994, 85 Fed. Reg. 15337, 2020 WL 1272563 (Mar. 13, 2020). In the United States, the virus has resulted in hundreds of thousands of cases, and tens of thousands of deaths. *See In re Rutledge*, 956 F.3d 1018, 1023 (8th Cir. 2020).

According to the presidential proclamation declaring a national emergency, the Secretary of Health and Human Services declared a public health emergency on January 31, 2020. Taking that date as the start of the pandemic in the United States, Movant's motion to vacate was due two- and one-half months after the start of the pandemic, on April 15, 2020. Thus, the COVID-19 pandemic cannot provide a basis for equitable tolling in this instance. Movant provides nothing demonstrating that he was foreclosed from filing the 9- and one-half months prior to the COVID-19 restrictions. *See, e.g., United States v. Lionel Thomas*, No. CR 18-135, 2020 WL 7229705, at *2 (E.D. La. Dec. 8, 2020) ("prisoners are not entitled to equitable tolling if there is no evidence that they diligently pursued their right to file a § 2255 motion" prior to the lockdown); *see also United States v. Barnes*, No. 18-CR-0154-CVE, 2020 WL 4550389, at *2 (N.D. Okla. Aug. 6, 2020) (assuming a COVID-19-related lockdown "delayed defendant's ability to file his motion," but concluding equitable tolling was unwarranted because the defendant did not demonstrate he diligently pursued his claims).

Even assuming that Movant would not have been able to file his motion before the pandemic, he has still failed to establish how his modified lockdown status prevented him from timely filing his motion before the one-year limitations

period ended on April 15, 2020. Movant has not provided any additional *legal bases* for equitable tolling between April 15, 2019 and April 15, 2020. Thus, the Court cannot say that equitable tolling appears to be warranted in this instance.

**C. Summary Dismissal**

Under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must dismiss a motion if it is plainly apparent from the motion, any attached exhibits, and the record of prior proceedings, that the moving party is not entitled to relief. As discussed above, it is plainly apparent that Movant is not entitled to relief, as his 28 U.S.C. § 2255 motion is untimely. Furthermore, Movant has not adequately demonstrated grounds for applying equitable tolling to his motion. Therefore, Movant's 28 U.S.C. § 2255 motion must be denied, and this action dismissed.

**D. Certificate of Appealability**

The Court has considered whether or not to issue a certificate of appealability. In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Movant has not made such a showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Movant's motion to vacate, set aside, or correct illegal sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 1] is **DENIED AND DISMISSED** as time barred. *See* 28 U.S.C. § 2255(f). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

Dated this 2nd day of June, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE